UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Thorton,<br><br>                                  Petitioner,<br><br>v.<br><br>Raythel Fisher, Jr.,<br><br>                                  Respondent. | Case No.:  16cv2492 PCL<br><br>**ORDER:**<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 40.)** |

      Petitioner requests the Court appoint counsel to assist him in his habeas case. (Doc. 40.) The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)  ("The right to appointed counsel extends to the first appeal of right, and no further"); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

      However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (B); *Chaney*, 801 F.2d at 1196.  Whether or not to appoint counsel

1

16cv2492 PCL

is a matter left to the court's discretion, unless an evidentiary hearing is necessary. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

A court's discretion to appoint counsel may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Petitioner argues that he is unable to represent herself in habeas proceedings because he is untrained in the law and his case is legally complicated. (Doc. 17.) However, "[a]ny pro se litigant certainly would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (overruled on other grounds, 154 F.3d 952 (9th Cir. 1998)). But a petitioner is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." *Rand,* 113 F.3d at 1525. Petitioner has been able to adequately articulate his habeas claims in his Petition. Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATE: August 28, 2017

Peter C. Lewis
United States Magistrate Judge