1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  William Thornton,                           Case No.:  16cv2492 PCL

12                                Petitioner,
                                                **ORDER DENYING MOTION**
13  v.                                          **FOR PRELIMINARY**
                                                **INJUNCTION (Doc. 43.)**
14  Raythel Fisher, Jr., Warden,

15                                Respondent.

16

17          Plaintiff requests preliminary injunctive relief in order to be allowed to use the law

18  library more frequently than currently allowed by his prison. (Doc. 43, at 2.) Petitioner

19  states that he is only allowed to use the law library on Tuesdays for a two-hour period.

20  (Id.)

21      To prevail on a motion for preliminary injunction, the moving party must show either

22  "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2)

23  the existence of serious questions going to the merits and the balance of hardships tipping

24  in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc.,

25  762 F.2d 1374, 1376 (9th Cir. 1985) (citation omitted). The two formulations represent

26  two points on a sliding scale with the focal point being the degree of irreparable injury

27  shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test,

28  plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.

In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

Plaintiff's motion fails to meet the requirements for preliminary injunctive relief. Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of a preliminary injunction. An irreparable injury in this context would be prejudice Plaintiff would suffer in existing or contemplated litigation, such as the failure to meet a filing deadline due to inadequate access to the law library and/or his legal property. However, Plaintiff has been given an adequate litigation timetable to file his motions and to conduct his legal research. The Court has been generous in granting Plaintiff additional time to do his legal research because of the constraints that he currently experiences as a prisoner. Because Petitioner has effectively been given ample time to access the law library, the Court denies Plaintiff's motion for injunctive relief at this time.

**IT IS SO ORDERED.**

DATE: March 14, 2018

Peter C. Lewis
United States Magistrate Judge

16cv2492 PCL