# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Thornton,<br><br>                    Petitioner,<br><br>v.<br><br>Raythel Fisher et al.,<br><br>                    Respondents. | Case No.: 16cv2492 PCL<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.    <u>INTRODUCTION</u>

Petitioner William Thornton has served a portion of his prison term of six years following his conviction, by guilty plea, for failure to register as a sex offender. In 1987, Petitioner pled guilty to a sex crime in Tennessee. Several years later, around 2005, California authorities became aware of this crime, concluded that it required Petitioner to register as a sex offender under California law, and notified Petitioner of this requirement. For the next several years, he complied. But in 2013, Petitioner failed to comply with the annual registration requirement. This resulted in his arrest and prosecution. The district attorney charged Petitioner with the felony-level violation of the requirement to register, Cal. Penal Code § 290.018(b). Because of other crimes that he

1

committed in California, Petitioner faced a maximum of eight years in prison.

In advance of trial, Petitioner exercised his right to self-representation. In that capacity, he filed a number of motions, including a motion to dismiss the charge, based on his belief that the Tennessee conviction did not give rise to a registration requirement in California. Right before his preliminary hearing, the trial court denied this motion, but, noting that this was Petitioner's first failure to register, suggested that he might avoid further punishment if Petitioner entered a guilty plea to the charge and admitted the prior convictions. If so, the court would sentence Petitioner to time already served and probation. In addition, the court offered to release Petitioner immediately from custody on Petitioner's promise to return for sentencing and to remain crime free. But if Petitioner did not keep his promise, the proposed limited sentence was off the table. Petitioner accepted this arrangement.

However, Petitioner was unable to keep his promise; he failed to remain crime free. The trial judge, no longer bound to the indicated sentence, imposed an aggregate six-year prison term.

While Petitioner was in custody, he filed a federal habeas petition, arguing that he was not guilty of a felony failure to register in California because, in his view, no duty to register could be based on the Tennessee conviction or, alternatively, any duty could support only a misdemeanor conviction for failure to register in California. In his petition, he also argued that the trial judge violated state law by unlawfully inducing a guilty plea, that he suffered ineffective assistance of counsel, and that those appointed to assist him with his self-representation performed deficiently. Since filing his Petition, Petitioner has been released from custody.

Petitioner and Respondent have consented to decision by Magistrate Judge. For the reasons discussed below, the Petition is DISMISSED.

**II.    STATEMENT OF FACTS**

In 1986, Thornton was prosecuted in Tennessee for rape. His trial for this offense took place in January 1987. (See CT 561.) On January 27, the victim, Tina Yvonne

Wright testified. (CT 566.) She related that she had known Thornton for several years, as he dated her sister. (CT 571.) And she described how, one day, Thornton came to her home, forced himself on her, carried her to the bedroom, and raped her. (CT 571-81.) The defense challenged her testimony on the basis of prior knowledge of Thornton, some prior sexual activity, and failure to make an immediate report. (CT 586-611.)

In mid-trial, the prosecution and the defense entered into a negotiated agreement. Thornton pled guilty to sexual battery, and the prosecution agreed that the sentence would be one year in prison. (CT 639-41.) The prosecutor offered as a factual basis for the crime the testimony of the victim already heard in trial, proffered that Wright made "fresh complaint" to her boyfriend, and explained that forensic samples were taken from Wright in a sexual abuse examination, showing the presence of sperm. (CT 640.) Thornton's counsel did not dispute the basis, but made clear that Thornton was offering his guilty plea pursuant to Alford v. North Carolina and was not admitting guilt. (CT 642-43.) The punishment range for sexual battery in Tennessee was imprisonment for one to five years. (CT 645.) For rape, the punishment range was five to fifteen years. (CT 670.)

Eventually, Thornton moved to California. Apparently, sometime around 2005, California authorities became aware of the Tennessee conviction, concluded that this crime qualified Thornton as a prior sex offender, and imposed a registration requirement on Thornton. (See RT 4; see also Lodgment 1; CT 697, 706, 714; CT 54-58; and CT 92.)

In October 2013, Thornton missed the birthday-registration requirement. A law enforcement officer notified Thornton's parole officer, who contacted Thornton. Thornton reported to the sheriff's office, where he was arrested. Thornton explained that he became distracted with his girlfriend and forgot to register. (CT 149 (parole violation report).)

The district attorney charged Thornton in a felony complaint with a violation of Cal. Penal Code § 290.018(b). (CT 1.) The charging document indicated that the type of crime was a felony and the sentence range was from sixteen months to three years imprisonment. (Id.) The crime was described as a failure to register, as required, within

3

five days of Thornton's birthdate. (CT 2.) The charging document further alleged that Thornton had suffered prior criminal convictions with prison sentences, including: (1) a 2004 conviction for burglary; and (2) a 2010 conviction for robbery. (Id.) The robbery conviction qualified Thornton for sentencing as a one-striker under California's Three Strikes law. (CT 3.)

While in custody and awaiting trial, and after meeting with his appointed public defender, Thornton elected to represent himself, apparently based on what Thornton considered to be prior unsatisfactory representation in a separate matter. (CT 9; see CT 113; CT 160.) In December 2013, Thornton filed a motion to dismiss the charge. (CT 11.) In the motion, Thornton contended that the notice of registration he received was defective and noted further that he had properly registered some twenty-three times before. (Id.) He also argued that his Tennessee conviction for sexual battery did not correspond with a California crime requiring registration pursuant to Cal. Penal Code § 290(c) because the elements of the Tennessee crime were not equivalent to any similar California crime. (CT 16-17.) Later, he filed a motion asking the trial court to reduce any felony to a misdemeanor, pursuant to Cal. Penal Code § 17(b). (CT 182.) Therein, he again argued that the Tennessee crime was different from California's crime of sexual battery, so no registration was required under California law. (CT 185.) And in January of 2014, he renewed his motion to dismiss the charge, based on his interpretation of the Tennessee crime. (CT 210; and CT 229 (motion to be released from list of sex offenders).)

The district attorney filed an opposition to Thornton's several motions. (CT 244.) Regarding Thornton's Tennessee conviction, the prosecutor included a document showing a factual basis for the Tennessee crime, which indicated a forcible sex crime. (CT 245.) The prosecutor indicated that the California Department of Justice had evaluated the Tennessee crime as one requiring registration in California, that Thornton had met registration requirements between 2005 and 2013, and that for the current crime, Thornton was required to register no later than October 2, 2013 – leading to his arrest on

October 17, 2013. (CT 420-24.)

In that pleading, the prosecutor also explained why Thornton's claim for dismissal lacked merit. California law requires registration for qualifying crimes, even if those crimes occurred outside of California. (CT 246 (citing Cal. Penal Code 290.005).) That law permits examination of record facts to determine whether an out-of-state crime qualifies. And, based on the evidence of the use of force in the Tennessee crime (CT 257), Thornton had committed the California-equivalent crime of forcible sexual battery, Cal. Penal Code § 243(a). (CT 248-49.) Alternatively, the prosecutor argued that Thornton's crime in Tennessee also met the reporting requirement for a lesser California crime, misdemeanor sexual battery, Cal. Penal Code § 243(e) (not requiring force), even if only the elements of the Tennessee crime are examined. (CT 249-50.) Either way, the pretrial dismissal was inappropriate, because the Tennessee conviction triggered a lifetime registration requirement for Thornton under California law. (CT 250.)

Thornton appeared in court on January 27, 2014 for a scheduled preliminary hearing. Before the hearing commenced, the court addressed Thornton's several pending motions. (RT 1.) The court considered the motion to dismiss based on Thornton's claim that the Tennessee conviction provided no basis for registration. (RT 2-9.) The trial court explained to Thornton that, for the preliminary hearing, the prosecution needed to show only enough evidence to bring a charge. Later, if there was a trial, Thornton could defend on the basis that there was no actual registration requirement based on the Tennessee crime. (RT 12.) But after hearing further from both Thornton and the prosecutor, the trial court elected to continue the preliminary hearing in order to conduct its own research into whether the Tennessee crime triggered a registration requirement in California. (RT 32.) The hearing was continued for two weeks. (RT 36.)

Two weeks later, the trial court issued its decision: Thornton was required to register as a sex offender because his Tennessee crime corresponded with Cal. Penal Code § 243.4. (RT 39; see also CT 317-18.) But the court also acknowledged that this was Thornton's first registration offense (RT 40), and consequently, the court indicated

5

that, if Thornton chose to plead guilty to the charged crime and admit the truth of the prior convictions, the court would (1) dismiss the strike prior, and (2) grant Thornton probation. (RT 41, 44.) To accept the deal, Thornton would have to "admit that [he is] required by California law to register." (Id.)

The court continued by stating that Thornton might also have the option of immediate release, but that would include some risk: if Thornton did not return for sentencing, "the deal is off." (RT 4.) The court then took a recess to permit Thornton to fill out the standard change-of-plea form. (RT 46.) Thornton executed the form (CT 313) and discussed it with the court. He acknowledged that he was pleading guilty to failure to register, Cal. Penal Code § 290.018(b), and admitting prior conviction allegations, all of which carried a maximum permissible punishment of eight years imprisonment. (CT 313, 314.) In return, the court indicated that the sentence would include dismissal of the strike allegation (thereby permitting probation), credit for time served, and probation. (Id.; RT 48.) Thornton admitted that he understood "everything" and he had no questions. (RT 51.) He specifically admitted that he was pleading guilty to a felony violation. (RT 51, 52.) And he admitted that his pleas were freely made and voluntary. (RT 53.)

After being released from custody, Thornton failed to remain law abiding. On February 21, 2014, he was arrested for vandalism and unlawful possession of a controlled substance. (See CT 426; see also Lodgment 15.) The hearing for sentencing took place on April 17, 2014. (RT 60.) As a preliminary matter, the court took up Thornton's recently filed motion to withdraw his guilty plea. (CT 411.) In the motion, Thornton stated that, after the trial court had denied his motion to dismiss the charge, upon concluding that the Tennessee conviction appeared to trigger a valid requirement for registration in California, and because he had been unable to obtain proof from Tennessee of the contrary, he entered his plea of guilty. (CT 413.) He also declared his belief that he would be able, at some future point, to overturn the Tennessee conviction. (CT 414.)

The trial court responded that (1) it had no jurisdiction over the Tennessee matter; (2) Thornton had complied with registration requirements in California for years; (3) in

his guilty plea, he admitted his guilt, which necessarily included an admission that the registration requirement in California was valid; and (4) he violated the terms of the plea agreement, rendering his previous arrangement for sentence as "no longer binding." (RT 61-62.)

The court then turned to the issue of sentencing. Based on Thornton's probation report and his lengthy criminal history, the court declined to dismiss the prior strike conviction allegation. The court selected the middle term – two years – as the sentence for the current crime of failing to register, doubled that number as required by the Three Strikes law, and added an additional year of imprisonment for each of the admitted prison priors. Accordingly, the aggregate prison term was six years. (RT 63-64.)

### III. PROCEDURAL HISTORY

The court of appeal described the procedural setting, up to the appeal, as follows:

> After discussions with the trial court, and without any agreement by the prosecution, Thornton pleaded guilty to failure to register as a sex offender and one serious/violent felony prior conviction. Thornton also made a "<u>Cruz</u> waiver."
>
> Thornton was released pending his sentencing hearing. However, he was arrested and charged with several misdemeanor offenses before the sentencing hearing.
>
> Thereafter, Thornton filed a motion to withdraw his plea on the grounds his 1987 Tennessee conviction, on which the section 290 registration was based, was unlawful and that he had appeals pending with regard to challenges to the Tennessee conviction. The court denied the motion. The court declined to strike the serious/violent felony prior conviction and sentenced Thornton to the middle term of two years, doubled because of the strike prior, plus two years for the prison priors.
>
> Thornton appealed and obtained a certificate of probable cause.

(Lodgment 9, at 1.)

Thornton's appeal, prepared by appointed counsel, raised two claims. He contended that the trial court should have permitted him to withdraw his guilty plea (and the current sentence to imprisonment was unauthorized) and that a fine was improperly

7
16cv2492 PCL

imposed. (Lodgment 3, at i.)

The court of appeal directed additional briefing. The court noted that, although the trial court had made "indications" regarding how Thornton would be sentenced upon his guilty plea, Thornton had also executed a waiver, pursuant to People v. Cruz, 44 Cal. 3d 1257. As part of the Cruz procedure, Thornton was released from pretrial custody at the time of entry of his guilty plea. But the trial court had advised Thornton, and he had consented, that any agreement with the trial court regarding sentence would be terminated if Thornton violated the law or failed to return. As it turned out, Thornton violated the law, and was sentenced without limitation. The court of appeal, in its request for supplemental briefing, asked whether Thornton had forfeited any challenge to his sentence, in light of the absence of any objection to the application of the Cruz procedure.

After further briefing from the parties, the court of appeal ruled that Thornton had forfeited any challenge to his sentence. (Lodgment 9, at 5.) In addition, the court added that each of Thornton's claims – the alleged right to withdraw from a plea agreement and an alleged improper fine – lacked merit. (Id. at 6 ("Even if the claims had not been forfeited, they are not meritorious.").)

Thornton filed a pro se petition for review, case number S227000, in the California Supreme Court. (Lodgment 10.) This petition raised as issues those from the direct appeal and additional matters that had not been presented in the direct appeal, as follows:

1) The sentence must be vacated because Thornton should be permitted to withdraw his guilty plea, and he cannot be sentenced to more than the trial court's "indicated" sentence.

2) The trial court improperly induced a plea of guilty.

3) There were multiple conflicts of interest between Thornton and the San Diego Public Defender and Office of Assigned Counsel, resulting in ineffective assistance of counsel.

4) Thornton was denied the right to self-representation and access to the courts by his "pro-per legal defense team."

(Lodgment 10, at i.)

The California Supreme Court denied this petition without comment on July 15, 2015. (Lodgment 11.)

Thornton filed several state habeas corpus petitions during and after the direct appeal. Thornton twice presented claims to the California Supreme Court challenging the judgment. In his sole habeas corpus petition presented there, he only raised a challenge to the trial court's order for restitution. (Lodgments 27, 28.) His only other pleading in the California Supreme Court was his pro se petition for review, which completed the process of direct appeal. (Lodgment 10.) In the petition for review, he contended, inter alia, that the trial court improperly induced a guilty plea; that there were conflicts of interest with the public defender's office; and that his pro per legal defense team performed deficiently. Those claims appear to correspond with grounds one, seven, eight, and nine, of the claims before this Court in the current Petition. None of those claims, however, were raised in the intermediate California appellate court, where Thornton argued only that California law required that he be permitted to withdraw from his guilty plea and that an improper fine was imposed. Thornton's remaining claims, grounds two, three, four, five, and six, have never been presented to the California Supreme Court.

Petitioner filed the currently pending Petition in this Court. Petitioner's claims are as follows:

1) The trial court improperly induced the guilty plea. Thornton contends that the trial court was wrong to indicate that it would sentence him to only probation, if he plead guilty to the charge and admitted the truth of alleged prior convictions. (Doc. 1, at 14.)

2) The felony-level sentence is void for several alleged reasons. First, the Tennessee conviction for sexual battery would support, at most, a misdemeanor for failure to register. Second, the trial court had already allegedly made that determination. Third, the trial court erred in permitting Thornton to plead guilty to a felony offense. (Doc. 1, at 14.)

3) The trial court lacked jurisdiction to interpret Thornton's Tennessee conviction for sexual battery to qualify as a registration-requirement offense, specifically that the Tennessee statute required touching for purpose of sexual gratification. (Doc. 1, at 15.)

4) The prosecutor could properly charge Thornton only with misdemeanor failure to register. As related to other claims, this claim again contended that Thornton's Tennessee conviction for sexual battery would support only a misdemeanor charge. He added that, because the Tennessee statute lacked the same mens rea requirement as the relevant California crime, the trial court should have found that no requirement to register existed at all.

5) As contended in ground four, Thornton asserts that the Tennessee crime could not support any registration requirement in California, because it was not equivalent to any registerable California crime. He adds that the registration in California violates his Tennessee plea bargain. (Doc. 1, at 18.)

6) The conviction is unlawful because it is not supported by a valid factual basis. Again, the gravamen of this claim is that the Tennessee conviction would support, at most, a misdemeanor-level failure to register. (Doc. 1, at 21.)

7) The sentence is unlawful because the guilty plea was unlawfully induced by the trial court (this claim corresponds with the claim in ground one). (Doc. 1, at 25.)

8) The Office of Public Defender (which represented Thornton until he exercised his right of self-representation) and the Office of Assigned Counsel (which provided various services to Thornton while he represented himself) suffered multiple conflicts of interest, which resulted in ineffective assistance of counsel.

9) The Office of Assigned Counsel failed to provide adequate assistance to Thornton, which thwarted his right to self-representation and interfered with his ability to prepare a defense.

## IV. DISCUSSION

To exhaust state remedies, a petitioner must first fairly present his federal claims to the highest state court available. Weaver v. Thompson, 197 F.3d 359, 365 (9th Cir. 1999). However, the Ninth Circuit has explained that, in the course of direct appeal, where, as in California, review at the highest level is discretionary, an issue is not fairly presented if it arises only for the first time in a petition for discretionary review to the state's highest court and the highest court denies the claim without comment. Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); see Castille v. Peoples, 489 U.S. 346, 351 (1989).

For those claims never presented to the California Supreme Court, Petitioner has failed to exhaust. And for the claims raised only in his petition for review in the direct appeal, he has failed to make the "fair" presentation exhaustion requires. This is because, on direct appeal, presentation must occur at each level of the state courts unless the state's highest court specifically addresses the issues in a written opinion. See Castille, 489 U.S. at 351. Because Petitioner has failed to exhaust all of his claims in the state courts, this Court may not grant relief but may dismiss the Petition so that the issues can be properly presented to the state courts first. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005); see Rhines v. Weber, 544 U.S. 269, 277 (2005). Although Petitioner has been released from custody and is on parole, he can still exhaust his remedies in state court and bring another federal habeas case if he thinks he can demonstrate that some collateral, ongoing consequence would result without habeas relief and that habeas relief is warranted by federal law. See Spencer v. Kemma, 523 U.S. 1, 14 (1998).

At this time, the petition for a writ of habeas corpus is **DISMISSED** for failure to exhaust.

DATE: June 21, 2018

Peter C. Lewis
United States Magistrate Judge